## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------- x
In re:                                              :
                                                    :   Chapter 15
BEDMINSTER INTERNATIONAL                            :
LIMITED (IN PROVISIONAL                             :   Case No. 10-_____ (__)
LIQUIDATION),                                       :
                                                    :
Debtor in Foreign Proceeding.                       :
                                                    :
------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

Michael McAteer is the court-appointed Provisional Liquidator (the "Provisional Liquidator") and putative foreign representative of Bedminster International Limited (in provisional liquidation) ("Bedminster" or the "Foreign Debtor"), in a proceeding (the "Irish Proceeding") under Ireland's Companies Acts 1963 to 2009 (the "Irish Insolvency Act") pending before the High Court of Ireland (the "Irish Court"), and in support of the Verified Petition for Recognition of Foreign Proceeding and Related Relief (the "Chapter 15 Petition")[1] states as follows:

### BASIS FOR RELIEF SOUGHT

1.      Section 1517(a) of the Bankruptcy Code provides that a court "shall" enter an order granting recognition of a foreign proceeding if:

> (1) Such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;
> (2) the foreign representative applying for recognition is a person or body; and
> (3) the petition meets the requirements of section 1515.

---
[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Chapter 15 Petition.

1

1972936.2

11 U.S.C. § 1517(a). Section 1517(b) provides that a foreign proceeding shall "be recognized . . . as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interest." 11 U.S.C. § 1517(b)(1).

2. The Irish Proceeding qualifies as a "foreign proceeding" under chapter 15. Section 101(23) of the Bankruptcy Code defines a foreign proceeding as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

3. The Irish Proceeding is a collective administrative proceeding under Irish laws, relating to the insolvency of Bedminster and the administration of its assets and its affairs and is subject to the supervision and control of the Provisional Liquidator and the Irish Court.

4. The purpose of the Irish Proceeding is to investigate and preserve Bedminster's assets and the liquidation of Bedminster in an equitable and orderly fashion. The Irish Court is a court with judicial authority over Bedminster. The Irish Court has authorized the Provisional Liquidator to control Bedminster's daily affairs and claims administration and liquidation. The Irish Court retains authority to issue any necessary order in connection with the Irish Proceeding and, therefore, Bedminster's assets are "subject to control or supervision by a foreign court" as required by section 101(23).

5. Accordingly, the Irish Proceeding satisfies all of the requirements of section 101(23) of the Bankruptcy Code and therefore qualifies as a foreign proceeding.

1972936.2

**The Provisional Liquidator is Bedminster's Foreign Representative**

6. This chapter 15 case is commenced by a duly appointed and authorized foreign representative within the meaning of section 101(24) of the Bankruptcy Code, which provides:

> the term "foreign representative" means a person or body, including a person or body appointed on interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

7. Pursuant to the Preliminary Insolvency Order, the Provisional Liquidator was appointed by the Irish Court to act as the Provisional Liquidator of Bedminster. By virtue of this appointment, the Provisional Liquidator is the person charged with protecting the interests of Bedminster's creditors and other parties in interest. The Provisional Liquidator is responsible for, among other things, approval of the disposition of assets, which includes the sale Bedminster's assets, the power to continue the business of Bedminster. The Preliminary Insolvency Order empowers the Provisional Liquidator to take the necessary steps to fulfill his tasks, to act as Bedminster's foreign representative, as defined under section 101(24) of the Bankruptcy Code, and entitles the Provisional Liquidator to commence this case under chapter 15 of the Bankruptcy Code.

**The Procedural Requirements of Section 1515 Are Met**

8. This chapter 15 case was properly commenced, as required by sections 1504 and 1509 of the Bankruptcy Code, by the Provisional Liquidator's filing of a petition for recognition of a foreign proceeding under section 1515(a) of the Bankruptcy Code, accompanied by all documents and statements required by sections 1515(b) and (c). See 11 U.S.C. § 1515. In satisfaction of section 1515(b), the Provisional Liquidator filed the Declaration affirming the existence of the Irish Proceeding and his appointment as Provisional Liquidator. Pursuant to

3

section 1516, if the certificate "indicates that the foreign proceeding is a foreign proceeding and that the person or body is a foreign representative, the court is entitled to so presume." 11 U.S.C. § 1516.  The Declaration meets these criteria and therefore the Provisional Liquidator is entitled to the benefit of this presumption.  Moreover, the Provisional Liquidator is filing herewith statements (i) identifying all foreign proceedings with respect to Bedminster that are known to the Provisional Liquidator pursuant to section 1515(c) of the Bankruptcy Code and (ii) naming all of the parties required by Bankruptcy Rule 1007(a)(4).

**The Irish Proceeding is a Foreign Main Proceeding**

9.    Section 1502(4) of the Bankruptcy Code defines a "foreign main proceeding" as "a foreign proceeding pending in the country where the debtor has the center of its main interests."  As set forth above, the Irish Proceeding is a "foreign proceeding."  The Irish Proceeding is pending in Ireland, where, as stated in the Chapter 15 Petition, Bedminster has its center of main interests ("COMI").  See 11 U.S.C. § 1517(b)(1).  Courts have found that the concept of COMI is similar to a "principal place of business" in U.S. legal parlance.  In re Tri-Continental Exchange Ltd., 349 B.R. 627, 634 (Bankr. E.D. Cal. 2006).  In this instance, Bedminster's principal place of business is in Ireland.  As stated in the Chapter 15 Petition, Bedminster's headquarters are located in Dublin, Ireland.   Both of Bedminster's officers/employees are located at its Irish headquarters.  The directors and officers of Bedminster are Irish residents.

10.   Additionally, prior to the appointment of the Provisional Liquidator, the persons who managed the affairs of Bedminster were located at Oyster Point, Temple Road, Blackrock, Co. Dublin, Ireland.  The majority of Bedminster's assets, in the form of shares in subsidiaries, other investments, intellectual property rights and general intangibles, are located in Ireland.  The Provisional Liquidator is required to protect the assets of the Foreign Debtor and filed the

4

1972936.2

Chapter 15 Petition to prevent any acts being taken in the United States to obtain possession of property of the Foreign Debtor or to exercise control over such property.

11. Bedminster has no offices or employees in the United States. While Bedminster has business relationships with U.S.-based affiliates, the majority of Bedminster's creditors are not based in the United States.

### The Provisional Liquidator is Entitled to Relief Under Section 1520 Upon Recognition

12. Section 1520 of the Bankruptcy Code provides that certain specified relief, such as application of the automatic stay and the ability to regulate post-petition transfers of the debtor's property that is within the territorial jurisdiction of the United States, becomes effective automatically upon recognition of a foreign main proceeding. 11 U.S.C. § 1520. In order to protect the assets of the Foreign Debtor, stay the WeCare Litigation, and prevent any acts being taken in the United States to obtain possession of property of the Foreign Debtor or to exercise control over such property, the Provisional Liquidator wishes to ensure that the automatic stay and other relief under section 1520 of the Bankruptcy Code will be available in this chapter 15 case.

### The Relief Requested Under Section 1521 is Necessary and Appropriate

13. In addition to recognition of the Irish Proceeding as a foreign main proceeding and of the Provisional Liquidator as Bedminster's foreign representative, the Provisional Liquidator requests relief pursuant to section 1521 of the Bankruptcy Code. Section 1521(a) provides that, in addition to the relief effective automatically under section 1520 upon recognition of a foreign main proceeding, a court may grant relief to a foreign representative "where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor . . . ." 11 U.S.C. § 1521(a).

5

1972936.2

14. The Provisional Liquidator requests relief pursuant to section 1521(a). Section 1521(a)(1) stays the commencement or continuation of any individual action or proceeding concerning the debtor's assets, rights, obligations, or liabilities.

15. Bedminster is the defendant in a pending civil action in the United States District Court for the Western District of New York (the "District Court, styled *WeCare Holdings, LLC v. Bedminster International Limited,* Case No. 08-CV-6213 (the "District Court Action"). The District Court Action relates to a certain purchase and sale agreement, dated as of May 10, 2006 (the "Option Agreement") among Bedminster, WeCare Holdings LLC ("WeCare Holdings") and C. Wesley Gregory, III, pursuant to which Bedminster was to acquire the entire issued share capital in WeCare Environmental, LLC ("WeCare Environmental") from WeCare Holdings. Bedminster acquired 50% of the issued share capital in WeCare Environmental from WeCare Holdings on May 10, 2006. Bedminster was to acquire the remaining 50% of the issued share capital in WeCare Environmental (the "Remaining Shares") for a price calculated in accordance with the specific terms of the Option Agreement (summarized below) at Bedminster's option at any time from May 10, 2006 until 30 months after that date, i.e., November 2008 (the "Expiry Date"). The Option Agreement further provided that in the event Bedminster did not purchase the Remaining Shares prior to the Expiry Date that it must purchase the Remaining Shares from WeCare Holdings on the Expiry Date for US$3,000,000.

16. As a consequence of counterclaims that Bedminster had against WeCare Holdings, Bedminster did not purchase the Remaining Shares prior to or on the Expiry Date. Bedminster contended that WeCare Holdings and Mr. Gregory failed to comply with certain conditions set out in the amended and restated operating agreement entered into between the parties in May 2006 (the "Operating Agreement"). This is the subject of an ongoing arbitration,

6

1972936.2

discussed below. In the District Court Action, WeCare Holdings and Mr. Gregory seek specific performance of the Option Agreement and damages for alleged anticipatory breach of the Option Agreement.

17. Bedminster moved for a stay of the District Court Action. However, the District Court denied Bedminster's application for a stay and granted WeCare Holdings' and Mr. Gregory's motion for summary judgment with respect to Bedminster's anticipatory breach of the Option Agreement. The District Court deferred the issue of the remedy to be granted. WeCare Holdings has claimed that Bedminster is responsible for 100% of the losses suffered by WeCare Holdings both before and after 30 November 2008 (the "Losses Claim"). Bedminster disputes the Losses Claim on the grounds that, under the terms of the Option Agreement, Bedminster can be liable for no more than 50% of WeCare Holdings' losses in the period to and including November 30, 2008. The court dismissed Bedminster's counterclaims and held that several counterclaims should be brought instead as alleged violations of the Operating Agreement in arbitration proceedings. Arbitration of these counterclaims is scheduled to begin on April 12, 2010.

18. On February 9, 2010, the federal case was referred to a magistrate judge for *inter alia*, supervision of pre-trial discovery, and all non-dispositive motions or applications. On March 5, 2010, the magistrate judge recommended that Bedminster specifically perform its obligations under the Option Agreement on or before April 15, 2010. The deadline to object to the magistrate's recommendation is March 15, 2010. After the expiration of the objection period, the District Court may enter a final ruling on the matter. The issue of whether WeCare Holdings and Mr. Gregory are entitled to accrued interest is pending. Briefs on that issue are due on March 26, 2010. Given the magistrate's recommendation, it is now highly likely that

Bedminster will be ordered to pay the sum of US$3 million by April 15, 2010, with the possibility of an additional interest payment after March 26, 2010 and a further sum, as yet unascertained of up to US$3 million thereafter, arising from interpretation issues in relation to the Option Agreement on which the District Court has yet to rule.  One of the purposes of filing the Verified Petition is to stay these proceedings.

19.     Section 1521(a)(2) authorizes the Court, upon the request of the Provisional Liquidator, to stay execution against the Foreign Debtor's assets.  As set forth above and as set forth in the Chapter 15 Petition, the stay of any execution against the Foreign Debtor's assets is required in order for the Provisional Liquidator to discharge its duties in the Irish Proceeding and to protect the interests of the Foreign Debtor's creditors.

20.     Section 1521(a)(5) provides that, upon the recognition of a foreign proceeding, the foreign representative may seek to be entrusted with the administration or realization of the debtor's U.S. assets.  As set forth above, in the Chapter 15 Petition, the administration by the Foreign Debtor of its assets in the United States is an integral part of any recovery to its creditors.

Dated:  March 10, 2010
Boston, Massachusetts

        /s/ Gregory O. Kaden
        James F. Wallack, Esq. (BBO# 557061)
        Gregory O. Kaden, Esq. (BBO# 643849)
        GOULSTON & STORRS, P.C.
        400 Atlantic Avenue
        Boston, MA  02110-3333
        Tel:  (617) 482-1776
        Fax:  (617) 574-4112

        *Counsel to Michael McAteer, as Provisional Liquidator*
        *and foreign representative of Bedminster International*
        *Limited (in provisional liquidation)*