IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

```
--------------------------------------------------------x
                                        :
In re:                                  :
                                        :        Chapter 15
BEDMINSTER INTERNATIONAL                :
LIMITED (IN PROVISIONAL                 :        Case No. 10-12476 (JNF)
LIQUIDATION)                            :
                                        :
        Debtor in Foreign Proceeding.   :
--------------------------------------------------------x
```

**APPLICATION FOR ORDER SCHEDULING HEARING AND
SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE
(EXPEDITED DETERMINATION REQUESTED)**

Petitioner, Michael McAteer, the court-appointed provisional liquidator (the "Provisional Liquidator") and putative foreign representative of Bedminster International Limited (in provisional liquidation) ("Bedminster" or the "Foreign Debtor"), in a proceeding (the "Irish Proceeding") under Ireland's Companies Acts 1963 to 2009 (the "Irish Insolvency Act") pending before the High Court of Ireland (the "Irish Court"), by and through undersigned counsel, respectfully submits this application (the "Application") for entry of an order, pursuant to Rule 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (A) scheduling a hearing on the relief sought in the chapter 15 petition and the *Verified Petition for Recognition of Foreign Main Proceedings and Related Relief* [Docket Nos. 1 and 2, respectively] (collectively, the "Petition"), filed on March 10, 2010, and (B) specifying the form and manner of service of notice thereof.  In support of this Application, the Provisional Liquidator states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410.

## BACKGROUND

2. The Foreign Debtor is headquartered in Oyster Point, Temple Road, Blackrock, Co. Dublin, Ireland, with a presence in Europe.

3. Bedminster is incorporated under the laws of Ireland as a limited liability company.

4. Oyster Environmental Ltd. ("Holdings"), a corporation incorporated in the Isle of Man, is the registered owner of the entire share capital of Bedminster. Martin Scully, a director of Bedminster, beneficially owns 5% of the issued share capital.

5. Through Bedminster International Inc. ("BIUUS"), a corporation incorporated and registered in the state of Delaware, and *which corporation is registered to conduct business in the Commonwealth of Massachusetts*, Bedminster holds a 50% interest in Waste Options Nantucket LLC ("Waste Options"). Waste Options is a party to a certain Solid Waste Service Agreement (the "Service Agreement") to perform various tasks on the Island of Nantucket, including managing a materials recycling facility, performing landfill closure, constructing and managing lined landfill cells, and constructing and operating an in-vessel composting facility. The Service Agreement expires on November 1, 2025.

6. Also through BIUUS, Bedminster holds a 25% interest in Sustainable Barbados Recycling Centre Inc. ("SRC"), a joint venture company incorporated and registered in Barbados.

7. Bedminster also holds a direct 50% interest in WeCare Environmental LLC, a New York limited liability company.

8. On May 12, 2010, this Court entered an Order granting the Provisional Liquidator's *ex parte* motion for provisional injunctive relief, including, *inter alia,* a stay of the action filed against Bedminster in the United States District Court for the Western District of New York and styled *WeCare Holdings, LLC v. Bedminster International Limited*, Case Number 08-CV-6213 (the "WeCare Litigation"), and of any acts against the Foreign Debtor in the United States. A further hearing on the Provisional Liquidator's request for provisional injunctive relief is scheduled for Friday, May 19, 2010.

## Center of Main Interest

9. The Foreign Debtor's center of main interest is Ireland. The Foreign Debtor is headquartered in Dublin, Ireland, and all its strategic decision making, management functions, and research and development occur at the Irish headquarters. Further, the Foreign Debtor's employees and directors are located at the Irish headquarters. The directors and officers of the Foreign Debtor are Irish residents. The Foreign Debtor's books and records are kept in Ireland. All the corporate correspondence to the Foreign Debtor is addressed to the headquarters in Ireland.

10. The Foreign Debtor's financing and funding is in Ireland. The Foreign Debtor's main bank accounts are all with Ulster Bank in Blackrock, Dublin, Ireland.

## The Irish Proceeding

11. By order of March 9, 2010, the Irish Court entered a preliminary insolvency order (the "Preliminary Insolvency Order") and assumed authority over Bedminster, pursuant to the Irish Insolvency Act. The filing on March 9, 2010, of a petition seeking an order placing the Foreign Debtor into bankruptcy and entry of the Preliminary Insolvency Order commenced the

Irish Proceeding. In the Preliminary Insolvency Order, the Irish Court issued an order appointing Michael McAteer as Provisional Liquidator of Bedminster with power to apply for a recognition of the Irish Proceeding as a foreign main proceeding under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

12. The Preliminary Insolvency Order is attached to the Verified Petition as Exhibit 1 pursuant to section 1515(b)(1) of the Bankruptcy Code.

### Irish Governing Laws

13. As substantiated in the Declaration of Michael McAteer (the "Provisional Liquidator's Declaration"), attached to the Verified Petition as Exhibit 2, the insolvency of an Irish entity such as Bedminster is governed by Irish laws.

### RELIEF REQUESTED

14. By this Application, the Provisional Liquidator respectfully seeks entry of an order, substantially in the form attached hereto as Exhibit A: (1) setting a date as soon as the Court's calendar permits, on proper notice of 21 days pursuant to Bankruptcy Rule 2002(q)(1), as the date (the "Recognition Hearing Date") for the hearing (the "Recognition Hearing") on the relief sought in the Petition; (2) setting 5:00 p.m. (ET) on the third business day prior to the Recognition Hearing Date as the Deadline (the "Objection Deadline") by which any responses or objections to the Petition must be received; (3) approving the form of notice of the Recognition Hearing Date (the "Notice") that is attached hereto as Exhibit B; and (4) approving the manner and service of the Notice as described herein.

15. Pursuant to Bankruptcy Rule 2002(q), the Provisional Liquidator proposes to serve copies of the Notice together with any order then in effect granting interim relief pursuant to section 1519 of the Bankruptcy Code (an "Interim Relief Order") by mail, within three (3) business days of entry of the Order approving this Application, upon the Foreign Debtor, all

persons or bodies authorized to administer foreign proceedings of the Foreign Debtor, all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States in which the Foreign Debtor is a party at the time of the filing of the Petition, the United States Trustee, and such other entities as this Court may direct (collectively, the "Notice Parties").

## BASIS FOR RELIEF REQUESTED

16. Bankruptcy Rule 2002(q)(l) provides that the Notice Parties must be given at least twenty-one (21) days' notice of a hearing to consider the petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(l). Bankruptcy Rules 2002(m) and 9007, in turn, provide, among other things, that when notice is to be given under the Bankruptcy Rules, the presiding court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). Fed. R. Bankr. P. 2002(m), 9007.

17. Although Bankruptcy Rule 2002(q) provides that the Notice Parties must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it fails to specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice. The Provisional Liquidator respectfully submits that service of the Notice, the Petition requesting recognition, and any Interim Relief Order by mail upon the Notice Parties, in accordance with Bankruptcy Rule 2002(q), within 3 business days of entry of the proposed Order constitutes adequate and sufficient notice of this chapter 15 case and the relief sought in the Petition. Accordingly, the Provisional Liquidator respectfully requests that this Court approve the foregoing manner of service of the Notice and any Interim Relief Order pursuant to Bankruptcy Rules 2002(m) and 9007 and Bankruptcy Rule 2002(q).

18. Bankruptcy Rule 101l(b) provides, among other things, that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond to such petition. Fed. R. Bankr. P. 101l(b). In light of this requirement, the Provisional Liquidator respectfully submits that setting (a) a hearing as soon as the Court's calendar permits, after appropriate notice, as the Recognition Hearing Date; and (b) the third business day prior to the Recognition Hearing Date as the Objection Deadline is appropriate.

19. Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, <u>inter alia</u>, indicate the time period for filing of proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c). It is not clear, however, that section 1514 generally applies in the context of an ancillary case under chapter 15. Section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters <u>other than chapter 15</u> that began with section 1511." 8 <u>Collier on Bankruptcy</u>, 1514.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. Rev. 2008) (emphasis added). Given that section 1514(c) does not appear to apply in this chapter 15 case (as the Provisional Liquidator has not sought to commence a case under any other chapter of the Bankruptcy Code), the Provisional Liquidator respectfully requests that the requirements contained therein be waived in this instance, to the extent applicable. The Provisional Liquidator will comply with the notice provisions of Rule 2002(q), which require notice to only those entities against whom the Provisional Liquidator's seeks provisional relief, or who are involved in litigation with the Foreign Debtor in the United States.

## **CONCLUSION**

WHEREFORE, the Provisional Liquidator respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting the Provisional Liquidator such other and further relief as the Court deems just and proper.

Dated: March 16, 2010
Boston, Massachusetts

<u>/s/ Gregory O. Kaden</u>
James F. Wallack, Esq. (BBO# 557061)
Gregory O, Kaden, Esq. (BBO# 643849)
GOULSTON STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
Email: jwallack@goulstonstorrs.com
Email: gkaden@goulstonstorrs.com

*Counsel to Michael McAteer, as Provisional Liquidator and foreign representative of Bedminster International Limited (in provisional liquidation)*

## **EXHIBIT A**

**(Proposed Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

---------------------------------------------------------x
                                                         :
In re:                                                   :
                                                         :   Chapter 15
                                                         :
BEDMINSTER INTERNATIONAL                                 :
LIMITED (IN PROVISIONAL                                  :   Case No. 10-12476 (JNF)
LIQUIDATION)                                             :
                                                         :
     Debtor in Foreign Proceeding.                       :
---------------------------------------------------------x

**PROPOSED ORDER SCHEDULING HEARING AND SPECIFYING
THE FORM AND MANNER OF SERVICE OF NOTICE**

Upon the application (the "Application")[1] of petitioner, Michael McAteer, the court-appointed Provisional Liquidator (the "Provisional Liquidator") and putative foreign representative of Bedminster International Limited (the "Foreign Debtor"), in a proceeding under Ireland's Companies Acts 1963 to 2009 pending before the High Court of Ireland, for the entry of this order (A) scheduling a hearing on the relief sought in the chapter 15 petition and the *Verified Petition for Recognition of Foreign Proceeding and Related Relief* (collectively, the "Petition"), filed on March 10, 2010, and (B) specifying the form and manner of service of notice thereof (the "Order"); the Court having jurisdiction to consider the Application and the relief sought therein and venue being proper before this Court; the Court having reviewed the Application and the Petition, in addition to the documents filed in support of the Petition; the Court having considered the statements of counsel with respect to the Application at a hearing before the Court (the "Hearing"); timely notice of the filing of the Application and the Hearing having been given, and no other or further notice being necessary or required; the Court having

---
[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

2

determined that the legal and factual bases set forth in the Application and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:

1. The form of notice of the Recognition Hearing annexed to the Application as Exhibit B (the "Notice") is hereby approved.

2. The Provisional Liquidator shall serve copies of the Notice, the Petition, the *Memorandum of Law in Support of the Verified Petition for Recognition of Foreign Proceeding and Related Relief* [Docket No. 3] and any Interim Relief Order by mail, within three (3) business days of the entry of this Order, upon the Notice Parties, including the Foreign Debtor and other entities required by statute.

3. If any party files a notice of appearance in this case, the Provisional Liquidator shall serve the Notice and any Interim Relief Order upon such party within three (3) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel); provided, however, that such service shall not be prior to the third day after the entry of this Order.

4. Service of the Notice in accordance with this Order is hereby approved as adequate and sufficient notice and service of the Notice on all interested parties.

5. Responses or objections, if any, to the Petition must be made in writing describing the basis therefore and shall be filed with this Court and served on Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, MA 02110 (Attn: James F. Wallack, Esq. and Gregory O. Kaden, Esq.), so as to be received by them no later than 5:00 p.m. (EST), __ ___, 2010.

6. The Recognition Hearing shall be held on _____ ___, 2010 at __:____ __.m. (EST), or as soon thereafter as counsel shall be heard, in Courtroom 1, 12th Floor of the United

3

GSDOCS\1973203

States Bankruptcy Court for the District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109.

7. Notice to all foreign creditors pursuant to section 1514(c) of the Bankruptcy Code is not required.

8. Bankruptcy Rule 1010 does not apply to the Foreign Debtor's Petition seeking recognition of a foreign main proceeding and, accordingly, the summons requirement in Bankruptcy Rule 101l(b) is inapplicable.

9. Service pursuant to this Order shall be good and sufficient service and adequate notice of the Recognition Hearing.

Dated: _____, 2010  BY THE COURT:

_____
United States Bankruptcy Judge

# **EXHIBIT B**

**(Notice)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

---------------------------------------------------------x
                                                 :

In re:                                       :
                                                :      Chapter 15

BEDMINSTER INTERNATIONAL   :
LIMITED (IN PROVISIONAL        :      Case No. 10-12476 (JNF)
LIQUIDATION)                         :
                                                :
     Debtor in Foreign Proceeding.    :
---------------------------------------------------------x

NOTICE OF FILING AND HEARING ON PETITION UNDER
CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE

**PLEASE TAKE NOTICE,** that on March 10, 2010, Michael McAteer, the court-appointed Provisional Liquidator (the "Provisional Liquidator") and putative foreign representative of Bedminster International Limited (the "Foreign Debtor"), in a proceeding under Ireland's Companies Acts 1963 to 2009 pending before the High Court of Ireland filed a petition and *Verified Petition for Recognition of Foreign Main Proceeding* and related relief (collectively , the "Petition") under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

**[PLEASE TAKE FURTHER NOTICE,** that on _____ ___, 2010, the Bankruptcy Court entered an order granting provisional relief (the "Interim Relief Order"), pursuant to which all persons are enjoined from taking any action in the United States in respect of the Foreign Debtor or its assets located in the United States up and through the date of the Recognition Hearing (as defined below), a copy of which Interim Relief Order is attached hereto.]

**PLEASE TAKE FURTHER NOTICE,** that, pursuant to the Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice, which was entered on _____ ___, 2010 (the "Scheduling Order"), the Bankruptcy Court has scheduled a hearing on _____ ___, 2010 at __:___ __.m. (EST) before the Honorable Joan N. Feeney, in Courtroom 1, 12th Floor of the United States Bankruptcy Court for the District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109, to consider approval of the Petition and grant the relief requested therein (the "Recognition Hearing").

**PLEASE TAKE FURTHER NOTICE,** that any part in interest wishing to submit a response or objection to the Petition or the relief requested by the Provisional Liquidator must do so pursuant to the Bankruptcy Code and the Local and Federal Rules of Bankruptcy Procedure, including, without limitation, Rule 1011 of the Federal Rules of Bankruptcy Procedure, in writing and setting forth the bases therefor with specificity and the nature and extent of the respondent's interests in the Foreign Debtor's estate.  Such response or objection must be filed with the Office

GSDOCS\1973203

of the Clerk of the Court, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109-3945, and served on Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110-3333 (Attn: James F. Wallack, Esq.), so as to be received by them no later than 5:00 p.m. (EST) on _____ ___, 2010.

**PLEASE TAKE FURTHER NOTICE,** that all parties in interest opposed to the Petition or the request for relief contained therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE,** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE,** that if no response or objection is timely field and served as provided above, the Bankruptcy Court may grant the recognition and relief requested by the Provisional Liquidator without further notice or hearing. Copies of the Petition and the supporting documents will be made available upon request by calling Gregory O. Kaden, Esq., Goulston & Storrs, P.C. (Telephone: 617.482.1776).

Dated: _____ ___, 2010            BY THE COURT:


                                      _____
                                      United States Bankruptcy Judge